JOHN S. BATTENFELD, State Bar No. 119513
email: jbattenfeld@morganlewis.com
DONNA MO, State Bar No. 240621
email: dmo@morganlewis.com
ALEXANDER CHEMERS, State Bar No. 263726
email: achemers@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, California 90071-3132
Tel. 213.612.2500
Fax: 213.612.2501

MORGAN, LEWIS & BOCKIUS LLP
JENNIFER WHITE-SPERLING, SBN 166504
email: jwhite-sperling@morganlewis.com
5 Park Plaza, Suite 1750
Irvine, CA 92614
Tel: 949.399.7000
Fax: 949.399.7001

MORGAN, LEWIS & BOCKIUS LLP
STEVEN KYLE GANOTIS, SBN 234252
email: sganotis@morganlewis.com
One Market, Spear St Tower
San Francisco, CA 94105
Tel: 415.442.1000
Fax: 415.442.1001

Attorneys for Defendant
LOCKHEED MARTIN CORPORATION

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENIFER WILLIAMS, an individual, on behalf of herself, and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>LOCKHEED MARTIN CORPORATION, a California Corporation, and Does 1 through 10,<br><br>Defendants. | Case No. 3:09-cv-01669-WQH-POR<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE**<br><br>**[Fed. R. Civ. Proc. 12(f)]**<br><br>Assigned To:<br>The Honorable William Q. Hayes<br><br>Date: September 28, 2009<br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT**<br>Time: 11:00 a.m.<br>Room: 4 |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/21281537.1

## I.     INTRODUCTION

Plaintiff Jenifer Williams ("Plaintiff") alleges that she was employed by Defendant Lockheed Martin Corporation ("Lockheed Martin" or "Defendant") as a "Network Data Communications Senior Analyst" from November 2008 until June 2009, when her employment was terminated. Complaint, ¶ 4. Plaintiff now seeks to bring a class and collective action on behalf of all "Systems Administrators," "Network Telecommunications Analysts," "Network Data Communications Analysts," "Network Data Communications Senior Analysts," and "Desktop Support" employees who were classified as exempt and employed in California by Lockheed Martin. Plaintiff alleges that all employees in these various alleged positions were misclassified as exempt employees and not paid overtime wages, not provided meal and rest periods, and not provided accurate itemized wage statements, in alleged violation of various provisions of the California Labor Code. Plaintiff also alleges that former employees in the alleged class were not timely paid final wages upon termination of employment. Plaintiff also contends that these alleged Labor Code violations constitute unlawful and unfair business practices under section 17200, *et seq.* of the California Business and Professions Code, the Unfair Competition Law ("UCL"). Finally, Plaintiff seeks to pursue a collective action under the Fair Labor Standards Act ("FLSA") on behalf of members of the alleged California class.

Among other forms of recovery, Plaintiff seeks injunctive relief for these alleged wage and hour violations. *See, e.g.,* Complaint, Prayer, ¶ 1(B). Plaintiff, however, has no current relationship with and is not employed by Lockheed Martin; specifically, she alleges that her employment ended in June of 2009. *See* Complaint, ¶ 4. As a result, Plaintiff cannot establish a likelihood of substantial and immediate irreparable injury justifying an injunction. Plaintiff also would not stand to benefit from any injunctive relief addressing the alleged wage and hour violations. Because she lacks Article III standing to bring any claim for injunctive relief, all such requests for injunctive relief should be stricken from the Complaint. Moreover, private individuals cannot seek injunctive relief under the FLSA.

Plaintiff premises her UCL claim in part upon Labor Code sections 203 and 226, and seeks penalties and damages under these statutes as part of her UCL claim. However, restitution

is the only monetary remedy available under the UCL, and penalties and damages cannot be recovered by a private litigant under the UCL. As a result, Plaintiff's claims for penalties and damages based on the UCL should be stricken from the Complaint. Further, Plaintiff's UCL claim seeks not only restitution, but also disgorgement of "ill-gotten gains" into a fluid recovery fund. The latter remedy should be stricken from the Complaint because restitution is the only monetary remedy available under the UCL, and the California Supreme Court has expressly held that disgorgement of profits into a fluid recovery fund is not available in a UCL action.

Plaintiff's second cause of action seeks not only overtime compensation, but also "regular' compensation under various Labor Code sections. Similarly, Plaintiff's sixth cause of action seeks both "regular compensation" and overtime compensation under the FLSA. These claims fail, as a matter of law, to the extent that they allege Defendant failed to pay "regular" compensation. *See, e.g.,* Complaint, ¶¶ 73, 118. "Regular compensation" is not recoverable under either the Labor Code or the FLSA. Recovery of wages under both the Labor Code and the FLSA is limited to minimum wages and overtime pay. Thus, Plaintiff's references to unpaid regular compensation under her second and sixth causes of action must be stricken.

Finally, Plaintiff's Complaint contains stray references to the indemnification of business expenses and Labor Code section 450. *See* Complaint, ¶¶ 39(g), 51; Prayer, ¶ 2(G). However, Plaintiff does not plead any facts whatsoever with respect to these issues. Accordingly, these references should be stricken from the Complaint.

## II. ARGUMENT

### A. The Standard for Granting a Motion to Strike

Under Rule 12(f) of the Federal Rules of Civil Procedure, a defendant may move to strike language that seeks relief that is not recoverable as a matter of law. *Estate of Migliaccio v. Midland Life Ins. Co.*, 436 F. Supp. 2d 1095, 1100 (C.D. Cal. 2006) (citing *Tapley v. Lockwood Green Engineers, Inc.*, 502 F.2d 559, 560 (8th Cir. 1974)). The grounds for a motion to strike must appear on the face of the complaint or from matters the court may judicially notice. *S.E.C. v. Sands,* 902 F.Supp. 1149, 1165 (C.D. Cal. 1995). The function of a motion to strike is to avoid the expenditure of time and money that might arise from litigating spurious issues by dispensing

with those issues before trial. *Sidney-Vinstein v. A.H. Robins, Co.*, 697 F.2d 880, 885 (9th Cir. 1983).

### B. Plaintiff's Demand for and All References to Injunctive Relief Should Be Stricken Because, As a Former Employee, She Has No Standing to Seek Injunctive Relief

To have standing to bring a claim under Article III of the United States Constitution, a plaintiff must satisfy three elements: (1) she must have suffered an injury in fact that is (a) concrete and particularized and (b) actual or imminent; (2) there must be a causal connection between the injury and the conduct complained of; and (3) it must be likely that the injury will be redressed by the relief sought. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). In addition, a plaintiff seeking an injunction must show a likelihood of substantial and immediate irreparable injury and the inadequacy of remedies at law. *O'Shea v. Littleton*, 414 U.S. 488, 502 (1974).

#### 1. To Have Standing To Seek Injunctive Relief, Plaintiff Must Be A Current Employee Of Defendant

In *Walsh v. Nevada Dep't of Human Resources,* 471 F.3d 1033 (9th Cir. 2006), the plaintiff sued her former employer for disability discrimination. Similar to Plaintiff here, she sought both damages and "injunctive relief, to force the defendant to adopt and enforce lawful policies regarding discrimination based on disability." *Id.* at 1035. The Ninth Circuit affirmed the district court's granting of judgment on the pleadings in favor of the former employer, in part on the ground that the plaintiff lacked standing to request injunctive relief. *Id.* at 1036-37. The Ninth Circuit held that the plaintiff could not satisfy the third element to establish standing—i.e., likely redress by relief sought—because she "would not stand to benefit from an injunction requiring the anti-discriminatory policies she requests at her former place of work" as she was "no longer an employee" and "[t]here is no indication in the complaint that [the plaintiff] has any interest in returning to work for [defendant]." *Id.* at 1037.

In *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998 (9th Cir. 2004), the plaintiff sued her insurance company for terminating her disability benefits. *Id.* at 1004-05. The plaintiff alleged a violation of California Business and Professions Code section 17200 and

breach of contract, among other things. *Id.* at 1005. The district court granted the plaintiff a permanent injunction under section 17200. *Id.* The Ninth Circuit reversed, stating:

> The district court erred in concluding that Hangarter had Article III standing to pursue injunctive relief under [section 17200]. "Article III standing requires an injury that is actual or imminent, not conjectural or hypothetical. In the context of injunctive relief, the plaintiff must demonstrate a *real or immediate threat* of an irreparable injury." . . . *Hangarter currently has no contractual relationship with Defendants and therefore is not personally threatened by their conduct.*

*Id.* at 1021-22 (emphasis added).

### 2. In Determining Whether A Plaintiff May Seek Injunctive Relief, It Does Not Matter Whether She Might Otherwise Have Standing To Bring A Claim For Non-Equitable Relief

In determining whether a plaintiff may seek injunctive relief, it does not matter whether she might otherwise have standing to bring a claim for non-equitable relief. For example, in *City of L.A. v. Lyons,* 461 U.S. 95 (1983), the plaintiff sued the City of Los Angeles for excessive force and police brutality for use of a chokehold. *Id.* at 97-98. The plaintiff also sought injunctive relief against the use of chokeholds. *Id.* at 98. The district court denied the claim for injunctive relief, and the Court of Appeals reversed, opining that there was a sufficient likelihood that the plaintiff would be stopped again and subject to a chokehold. *Id.* at 99. The U.S. Supreme Court disagreed:

> [The plaintiff] fares no better if it be assumed that his pending damages suit affords him Article III standing to seek an injunction as a remedy for the claim arising out of the October 1976 events. The equitable remedy is unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again—a "likelihood of substantial and immediate irreparable injury." *O'Shea v. Littleton*, 414 U.S., at 502, 94 S.Ct., at 679. The speculative nature of [the plaintiff's] claim of future injury requires a finding that this prerequisite of equitable relief has not been fulfilled.

*Id.* at 111; *see also Hodgers-Durgin v. de la Vina*, 199 F.3d 1037, 1044 (9th Cir. 1999) (holding that the plaintiffs did not have standing to seek an injunction against racial profiling at the Mexican-American border, because they were not sufficiently likely to be pulled over again by the Border Patrol).

//

//

### 3. The Named Plaintiff Herself, Not Just Unnamed Class Members, Needs To Be Entitled To Seek Injunctive Relief

That Plaintiff is seeking to represent a class of current and former employees does not give her standing to seek injunctive relief. In *Hodgers-Durgin v. de la Vina*, the Ninth Circuit held:

> Unless the named plaintiffs are themselves entitled to seek injunctive relief, they may not represent a class seeking that relief. ***Any injury unnamed members of this proposed class may have suffered is simply irrelevant to the question whether the named plaintiffs are entitled to the injunctive relief they seek***.

199 F.3d at 1044-45 (emphasis added). The Ninth Circuit emphasized the important function that "the imminent-harm requirement serves in limiting injunctive relief." *Id.* at 1044; *see also O'Shea v. Littleton*, 414 U.S. 488, 494-96 (1974) (holding that the named plaintiffs in a class action seeking only injunctive relief did not have standing under Article III because they were not currently affected by the defendants' adverse acts and that "if none of the ***named plaintiffs*** purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class") (emphasis added).

### 4. Because Plaintiff Is A Former Employee, Her Requests For Injunctive Relief Should All Be Stricken

Here, Plaintiff seeks "[a]n order temporarily, preliminarily and permanently enjoining and restraining DEFENDANT from engaging in similar unlawful conduct" and requests "[t]hat Defendants be enjoined from further violations of the Fair Labor Standards Act." Complaint, Prayer, ¶¶ 1(B), 4(D). Yet, as with the plaintiffs in *Walsh* and *Hangarter*, Plaintiff has no standing to seek injunctive relief because she is no longer employed by Lockheed Martin and there is no "real or immediate threat" that she will suffer any "substantial and immediate irreparable injury" as a result of Lockheed Martin's allegedly unlawful conduct. *See* Complaint, ¶ 4. Moreover, as a former employee, she lacks "standing to sue for injunctive relief from which she would not likely benefit." *Walsh,* 471 F.3d at 1037. Similarly, Plaintiff has no grounds to establish irreparable harm, given that all of her alleged claims can be redressed by monetary recovery. Thus, all language requesting or referencing injunctive relief should be stricken from

the Complaint, as described in detail in Defendant's Notice of Motion.

### 5. Private Individuals Cannot Seek Injunctive Relief Under The FLSA

Plaintiff's request for an injunction under the FLSA should be stricken on the separate, independent ground that private individuals cannot seek injunctive relief under the FLSA. The FLSA provides that, "[e]xcept as provided in section 212 of this title [which contains child labor provisions], the Administrator shall bring all actions under section 217 of this title [the injunctive relief provision] to restrain violations of this chapter [the FLSA]." *See* 29 USC § 211(a). The "Administrator" is the Administrator of the Wage and Hour Division in the Department of Labor. *See* 29 USC § 204(a). Accordingly, private individuals such as Plaintiff cannot seek injunctive relief under the FLSA. *Lorillard v. Pons*, 434 U.S. 575, 581 (1978) ("in construing the enforcement sections of the FLSA, the courts had consistently declared that injunctive relief was not available in suits by private individuals but only in suits by the Secretary") (citing *Roberg v. Henry Phipps Estate*, 156 F.2d 958, 963 (2d Cir. 1946) ("The trial court correctly dismissed the prayer for injunction . . . by one of the plaintiffs on the ground that the Administrator has exclusive authority to bring such an action"); *Bowe v. Judson C. Burns, Inc.*, 137 F.2d 37, 39 (3d Cir. 1943) ("it is plain from this language that the right of the administrator to bring an action for injunctive relief is an exclusive right"); *Powell v. Wash. Post Co.*, 267 F.2d 651, 652 (D.C. Cir. 1959)).

## C. **Plaintiff Cannot Recover Penalties Or Damages Under the UCL And Therefore Her Attempts To Do So Must Be Stricken**

Plaintiff's first cause of action is brought under the UCL. Plaintiff alleges that various violations of the Labor Code by Defendant constitute "deceptive, unfair and unlawful business practices" in violation of the UCL, including Labor Code provisions that allow for the recovery of penalties, specifically Labor Code sections 203 and 226. Complaint, ¶¶ 53, 26(f), 26(g). Plaintiff expressly seeks the recovery of penalties under the UCL. Complaint, ¶¶ 21, 55.

### 1. The UCL Does Not Permit The Recovery Of Penalties or Damages

Penalties and damages cannot be awarded to a private litigant under the UCL. State and federal courts have repeatedly held that the UCL limits a private plaintiff's monetary remedy to

1 restitution. *Cortez v. Purolator Air Filtration Prods. Co.*, 23 Cal.4th 163, 176 (2000); *Kasky v. Nike, Inc.*, 27 Cal.4th 939, 950 (2002); *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 1146 (2003) (*quoting Kraus v. Trinity Mgm't Serv's.*, 23 Cal.4th 116, 129 (2000)).  A private plaintiff is *not* permitted to sue for civil penalties or damages. *Korea Supply*, 29 Cal.4th at 1144 ("A UCL action is equitable in nature; damages cannot be recovered. . . . Civil penalties may be assessed in *public* unfair competition actions . . .") (emphasis added) (citation omitted).[1] The California Supreme Court has explained that under the UCL, recovery is limited to "the return of money or property that was once in [a plaintiff's] possession" or money in which a plaintiff has a "vested interest." *Id.* at 1149.  The Supreme Court has repeatedly held that the right to a penalty does not vest until it has been enforced. *Murphy v. Kenneth Cole Prods., Inc.*, 40 Cal.4th 1094, 1108 (2007); *People v. Durbin*, 64 Cal.2d 474, 479 (1966) ("No person has a vested right in an unenforced penalty . . ."); *see also Huntingdon Life Sciences, Inc. v. Stop Huntingdon Animal Cruelty USA, Inc.*, 129 Cal.App.4th 1228, 1262 (2005) ("Unlike a common law right, a 'statutory remedy does not vest *until final judgment*.'").  Therefore, all references to penalties or damages in connection with Plaintiff's UCL claim must be stricken.

        2.    <u>Plaintiff cannot pursue a claim under section 203 for waiting time penalties under the UCL</u>

Plaintiff alleges that Defendant's failure to timely pay wages upon termination pursuant to Labor Code section 203 constitutes a violation of the UCL. *See* Complaint, ¶ 29(g).  Labor Code section 203 states:

> If an employer willfully fails to pay . . . in accordance with Sections 201 . . . [or] 202 . . . any wages of an employee who is discharged or who quits, the wages of the employee shall continue *as a penalty* . . . but the wages shall not continue for more than 30 days. (emphasis added)

Thus, section 203 is solely a penalty provision.  In *Tomlinson v. IndyMac Bank F.S.B.*, 359 F.Supp.2d 891, 895 (C.D. Cal. 2005), the court held that such waiting time penalties punish the employer for willfully withholding wages and, therefore, are penalties that cannot be recovered under the UCL. *See also Murphy*, 40 Cal.4th at 1108-109 (section 203 is a penalty

---

[1] A public unfair competition action is an action brought by a public prosecutor on behalf of the state. *See* Cal. Bus. & Prof. Code §17204.

1  statute). As such, Plaintiff's reference to section 203 in support of her UCL claim must also be
2  stricken from the Complaint, as there is no reason to cite to section 203 except for the purpose of
3  seeking penalties.

### D. Plaintiff Cannot Recover "Disgorgement Of Defendant's Ill-Gotten Gains Into A Fluid Fund" Under the UCL And All Such References Should Be Stricken from the Complaint

In her Complaint, Plaintiff seeks "restitution to PLAINTIFF, and the other members of the CALIFORNIA CLASS." Complaint, ¶ 55. Separate and apart from this request for restitution, Plaintiff seeks the "disgorgement of DEFENDANT'S ill-gotten gains into a fluid fund." *See, e.g.*, Complaint, ¶ 21. However, the California Supreme Court has unequivocally held that "disgorgement of . . . profits is not an authorized remedy in an individual action under the UCL." *Korea Supply Co*, 29 Cal.4th at 1140.

In *Korea Supply Co. v. Lockheed Martin Corp.*, the plaintiff sought the disgorgement of profits acquired by the defendant through its allegedly unfair business practices. *Id.* at 1142. The California Supreme Court reaffirmed the distinction that it had previously made between disgorgement and restitution, in that "disgorgement" is a broader remedy than restitution. *Id.* at 1144-45. The Supreme Court held that, although restitution was an available remedy under the UCL, disgorgement of money obtained through an unfair business practice is an available remedy in a representative and an individual UCL action *only to the extent that it constitutes restitution. Id.* at 1145 (emphasis added). As such, although unpaid wages are recoverable under the UCL as restitution, disgorgement of profits is not. After *Korea Supply*, courts have held that disgorgement of profits into a fluid recovery fund is also not available in a class action under the UCL. *See, e.g., Feitelberg v. Credit Suisse First Boston, LLC*, 134 Cal.App.4th 997, 1018 (2005) ("The question here is whether the UCL permits nonrestitutionary fluid class recovery. The answer is 'no.'"). Therefore, Plaintiff's request for and references to disgorgement of "ill-gotten gains" into a fluid recovery fund must also be stricken from the Complaint.

26  //
27  //
28  //

### E. **Plaintiff Cannot Recover "Regular Compensation" Under the California Labor Code Or FLSA And All Such References Should Be Stricken from the Complaint**

Plaintiff's second cause of action seeks both "regular and overtime compensation" under the California Labor Code, based on Defendant's alleged misclassification of her as an exempt employee. *See* Complaint, ¶¶ 73, 74. Similarly, Plaintiff's sixth cause of action seeks both overtime compensation and "regular compensation" under the FLSA. *See* Complaint, ¶¶ 105, 114, 117, 118. Neither cause of action includes a minimum wage claim. Plaintiff contends that she was not paid "for all hours actually worked, including time spent attending meetings, monitoring DEFENDANT'S equipment and waiting for and responding to technical support requests during meal periods." Complaint, ¶ 105. However, Plaintiff cannot seek "regular compensation" under the Labor Code, because the Labor Code provides for only those claims that are statutorily enumerated, such as claims for overtime wages, minimum wages, and meal and rest break premium pay. *See, e.g.,* Labor Code § 1194, 226.7. Similarly, the FLSA provides for only two types of wage claims: overtime claims and minimum wage claims. *See* 29 U.S.C. §§ 206 (minimum wage provisions), 207 (overtime provisions). Indeed, an employer's alleged failure to pay an employee her regular rate of pay is a matter of contract law, not a violation of statute. *See Earley v. Superior Court*, 79 Cal.App.4th 1420, 1430 (2000) (distinguishing between statutory claims for overtime and minimum wages and claims for straight time wages, because "straight time wages (above the minimum wage) are a matter of private contract between the employer and the employee"). Because neither the Labor Code nor FLSA provide for the recovery of unpaid straight time wages, Plaintiff's attempts to recover unpaid "regular compensation" under her Labor Code and FLSA claims must be stricken.

### F. **The Court Should Strike All Language Concerning Purported Claims Not Supported By Any Allegations In The Complaint**

A plaintiff must plead factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of the cause of action will not do." *Id.*; *see also Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1953 (2009) (holding that

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/21281537.1

9

1  the pleading requirements stated in *Twombly* apply to "all civil actions"). Here, Plaintiff's

2  Complaint contains three stray references, none of which is supported by *any* factual allegations

3  whatsoever, to the indemnification of business expenses and Labor Code section 450. These

4  allegations should be stricken as immaterial and impertinent. *See* F.R.C.P. 12(f) ("The court may

5  strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter.").

6      Plaintiff's Complaint does not contain a claim, much less supporting factual allegations,

7  for indemnification of business expenses. Nevertheless, in paragraph 39(g) of her Complaint,

8  Plaintiff alleges that a common question of law and fact is "[w]hether DEFENDANT unlawfully

9  failed to tender full payment and/or indemnification for all business expenses incurred as a

10 consequence of performing their work for DEFENDANT." In addition, in the Prayer portion of

11 her Complaint, Plaintiff requests "[r]eimbursement of all necessary expenditures under this

12 section plus interest, which shall accrue from the date on which the employee incurred the

13 necessary expenditure or loss." Complaint, Prayer, ¶ 2(G). These references should be stricken

14 from the Complaint as immaterial and impertinent matter, because Plaintiff's Complaint does not

15 contain any claim for indemnification of business expenses. Moreover, the Complaint is devoid

16 of *any* factual allegations supporting a claim for indemnification of business expenses.

17     In addition, Plaintiff's first cause of action mentions, in passing, California Labor Code

18 section 450 as a basis for her UCL claim. Complaint, ¶ 51. However, the Complaint contains no

19 factual allegations to support a claim under section 450, which states that "[n]o employer . . . may

20 compel or coerce any employee . . . to patronize his or her employer, or any other person, in the

21 purchase of any thing of value." Accordingly, Plaintiff's reference to Labor Code section 450

22 should be stricken from the Complaint.

23 **III.   CONCLUSION**

24     For all the foregoing reasons, Lockheed Martin respectfully requests, pursuant to Rule

25 12(f), that this Court strike from Plaintiff's Complaint all references to injunctive relief; all

26 requests for penalties, damages, and disgorgement of money into a fluid recovery fund under the

27 UCL claim; all references to the recovery of regular compensation under the Labor Code and

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/21281537.1                                      10

1  FLSA; and all language concerning indemnification and reimbursement for business expenses,
2  and Labor Code section 450.
3  Dated:  August 25, 2009                           MORGAN, LEWIS & BOCKIUS LLP

5                                                              By  s/Donna Mo
                                                                    Donna Mo
6                                                                   Attorneys for Defendant
                                                                    LOCKHEED MARTIN CORPORATION