# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENIFER WILLIAMS, an individual, on behalf of herself, and on behalf of all persons similarly situated,<br><br>　　　　　　　　　　　　　Plaintiff,<br>vs.<br><br>LOCKHEED MARTIN CORPORATION,<br><br>　　　　　　　　　　　　　Defendant. | CASE NO. 09cv1669 WQH (MDD)<br><br>ORDER ON JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE<br><br>[DOC. NO. 102] |

　　　Before the Court is a Joint Motion for Determination of Discovery Dispute filed by the parties on October 3, 2011. (Doc. No. 102). Defendant also filed a separate opposition. (Doc. No. 103). Plaintiff filed this case as a class action and asserted seven claims for relief as follows: (1) unfair competition; (2) failure to pay overtime in violation of state law; (3) failure to provide wages when due; (4) failure to provide meal and rest periods; (5) failure to provide accurate itemized wage statements; (6) failure to pay overtime in violation of the federal Fair Labor Standards Act ("FLSA"); (7) for civil penalties pursuant to the California Labor Code Private Attorney General Act ("PAGA"), Cal. Lab.Code §§ 2698 *et seq.* Plaintiff's motion to certify the class in this case was denied. (Doc. No. 92).

　　　At issue are four Requests for Production, numbered 72 through 75, propounded by Plaintiff upon Defendant in Set Three.

Legal Standard

The Federal Rules of Civil Procedure generally allow for broad discovery, authorizing parties to obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).  Also, "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." *Id.*  Relevant information for discovery purposes includes any information "reasonably calculated to lead to the discovery of admissible evidence," and need not be admissible at trial to be discoverable. *Id.*  There is no requirement that the information sought directly relate to a particular issue in the case.  Rather, relevance encompasses any matter that "bears on" or could reasonably lead to matter that could bear on, any issue that is or may be presented in the case. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 354 (1978).  District courts have broad discretion to determine relevancy for discovery purposes. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).  Similarly, district courts have broad discretion to limit discovery where the discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C).  Limits also should be imposed where the burden or expense outweighs the likely benefits. *Id.*

A party may request the production of any document within the scope of Rule 26(b).  Fed. R. Civ. P. 34(a).  "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." *Id.* at 34(b).  The responding party is responsible for all items in "the responding party's possession, custody, or control." *Id.* at 34(a)(1).  Actual possession, custody or control is not required.  Rather, "[a] party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document. *Soto v. City of Concord*, 162 F.R.D. 603, 620 (N.D.Cal.1995).

Discussion

1.   Request for Production No. 72

Plaintiff seeks the production of records of hours worked by Network Data Communication

Analysts ("NDCAs") during the relevant time period. Defendant has agreed to produce a time-keeping system report for the period July 31, 2008, for System Administrators, NDCAs, and NDCA Srs. employed by the Defendant in California. No further response is required.

2.   Request for Production No. 73

Plaintiff seeks all payroll records for NDCAs during the relevant time period. Defendant has agreed to produce this data from November 19, 2008. There is a dispute regarding the relevant time period. Plaintiff claims that it begins on July 31, 2008; Defendant claims that it begins on November 19, 2008. The dispute relates to whether the initiation date is from the filing of the lawsuit or from the date that the State of California declined to initiate the PAGA claim that is the basis for this discovery. The Court need not resolve this issue. Rather, since the burden of producing the requested data from July 31, 2008, instead of from November 19, 2008, does not appear oppressive, the Court will ORDER that the data to be produced extend to July 31, 2008.

3.   Request for Production No. 74

Plaintiff seeks all contracts between Defendant and any third party which relate to the job duties performed by NDCAs. Defendant objects on the grounds that this request previously was made, challenged and ruled upon by a prior Magistrate Judge adversely to Plaintiff and that the request remains overbroad, oppressive and irrelevant. Defendant also claims that responding to this request may involve the production of information which must remain confidential by the terms of the contract. Plaintiff claims that it is relevant to the pending PAGA claim which is representative in nature.

Defendant is correct that the nearly identical request was denied by a prior Magistrate Judge. (Doc. No. 46 at 7). At that time the Magistrate Judge determined the request to be overbroad and vague, "[u]ntil the Court has defined the Class that is to be certified . . . ." *Id.* Class certification ultimately was denied in this case yet Plaintiff now seeks the same discovery claiming relevance to her representative PAGA claim. Although the Ninth Circuit has not yet ruled on the issue of whether a PAGA claim must meet the certification standards for a class action under Fed.R.Civ.P. 23, a District Judge of this Court recently held that Rule 23 does apply to PAGA

claims. *See Ivey v. Apogen Technologies, Inc.*, 2011 WL 3515936 (S.D. Cal.). Consequently, no class having been certified in this case, this Court will re-affirm the prior Magistrate Judge's ruling that the requested discovery is overbroad, vague and intrudes into confidential agreements.

And, having reviewed the matter independently, this Court agrees with Defendant that the request is overbroad and vague. Contracts which "relate" to the job duties performed by NDCAs is too ambiguous to provide meaningful direction to Defendant. Even disclosure of contract terms purporting to define the job duties of NDCAs in connection with a given contract may not be relevant. The relevant concern is the job duties actually performed by NDCAs, not how they are described in third party contracts. Plaintiff concedes as much. (Doc. No. 102 at 9). No response is required.

4. Request for Production No. 75

Plaintiff requests all documents submitted or filled out by NDCAs during the relevant period using any electronic ticketing systems. This request is substantially similar to a request previously ruled upon by a prior Magistrate Judge. (*See* Doc. Nos. 59, 61). The Magistrate Judge found the similar request to be:

> overbroad and oppressive at this stage of discovery (and perhaps at all stages of discovery). The discovery sought, and the reasons given for seeking such discovery, may be ascertained by less obtrusive means, such as deposition.

(Doc. No. 61). With class certification denied, and for the reasons expressed above regarding RFP No. 74, this Court will affirm the prior ruling. Moreover, the relevance of this request is not obvious. Plaintiff claims that this discovery will tend to show what duties the NDCAs actually performed. According to Defendant, Plaintiff has deposed Defendant, under Rule 30(b)(6), on this issue and learned that only a minority of the work of the NDCAs is driven by tickets. (Doc. No. 103 at 4). Defendant also states that it had numerous electronic ticketing systems in use during the relevant period and that it does not keep records of the various ticketing systems that may be accessed by every qualified employee. (Doc. No. 102 at 16). The Court agrees with Defendant that to the extent there is any relevance to this request, it is outweighed substantially by the burden of production. No further response is required.

<u>Conclusion</u>

Any discovery ordered above must be provided no later than thirty (30) days from the date of the entry of this Order.

IT IS SO ORDERED:

DATED: October 5, 2011

Hon. Mitchell D. Dembin
U.S. Magistrate Judge