# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENIFER WILLIAMS, an individual, on behalf of herself, and on behalf of all persons similarly situated,<br><br>　　　　　　　　　　　　Plaintiff,<br>　vs.<br><br>LOCKHEED MARTIN CORPORATION,<br><br>　　　　　　　　　　　　Defendant. | CASE NO. 09cv1669 WQH (MDD)<br><br>ORDER DENYING JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE WITHOUT PREJUDICE AND STAYING PAGA-RELATED DISCOVERY<br><br>[DOC. NO. 116] |

Before the Court is a Joint Motion for Determination of Discovery Dispute filed by the parties on January 20, 2012. (Doc. No. 116). Defendant also filed an additional opposition. (Doc. No. 117). Plaintiff filed this case as a class action and asserted seven claims for relief as follows: (1) unfair competition; (2) failure to pay overtime in violation of state law; (3) failure to provide wages when due; (4) failure to provide meal and rest periods; (5) failure to provide accurate itemized wage statements; (6) failure to pay overtime in violation of the federal Fair Labor Standards Act ("FLSA"); and, (7) for civil penalties pursuant to the California Labor Code Private Attorney General Act ("PAGA"), Cal. Lab.Code §§ 2698 *et seq.* Plaintiff's motion to certify the class in this case was denied. (Doc. No. 92).

At the heart of this discovery dispute is the question whether a plaintiff may maintain a representative action under PAGA without meeting the class action certification requirements of

1  Fed.R.Civ.P. 23.  The Ninth Circuit has not yet ruled on this issue.  The district courts are split.
2  *See Ivey v. Apogen Technologies, Inc.*, 2011 WL 3515936 *2-3 (S.D. Cal. 2011)(collecting cases).
3  In *Ivey*, a District Judge of this Court ruled that PAGA contravenes federal procedural
4  requirements by providing for recovery to unnamed non-parties and that such a claim must meet
5  the class certification requirements of Rule 23.  *Id.* at 3.  On the other hand, another District Judge
6  of this Court, in *Rix v. Lockheed Martin Corporation,* 09cv2063-MMA (NLS), a case virtually
7  identical to the instant case but involving a different classification of employee, declined to dismiss
8  plaintiff's PAGA claim for failing to meet the requirements of Rule 23 on the grounds that at that
9  stage of the litigation it was not clear that plaintiff could not seek to litigate a manageable claim.
10 (Doc. No. 77).  Since then, as the case information matured, the Magistrate Judge assigned to that
11 case authorized defendant to file a challenge to plaintiff's PAGA claim.  *Id.* at Doc. No. 85.
12     In the instant case, on January 25, 2012, Defendant moved to strike or dismiss Plaintiff's
13 PAGA claim. (Doc. No. 118).  And, in connection with this discovery dispute, Defendant has
14 asked this Court to stay PAGA-related discovery pending resolution of its motion in the District
15 Court.  (Doc. No. 116 at 9-10).   The Court finds that the prudent course to take is to stay PAGA-
16 related discovery pending a ruling by the District Court on Defendant's motion.  To do otherwise
17 would result in potentially needless litigation as one side or the other likely would have to file
18 objections to the resulting discovery order.
19     Accordingly, the pending discovery motion is denied without prejudice and all PAGA-
20 related discovery is stayed pending a ruling on Defendant's motion to strike or dismiss Plaintiff's
21 PAGA claim.
22 IT IS SO ORDERED:
23 DATED: January 27, 2012

Hon. Mitchell D. Dembin
U.S. Magistrate Judge