**BLUMENTHAL, NORDREHAUG & BHOWMIK**
Norman B. Blumenthal (State Bar #068687)
email: norm@bamlawlj.com
Kyle R. Nordrehaug (State Bar #205975)
email: kyle@bamlawlj.com
Aparajit Bhowmik (State Bar #248066)
email: aj@bamlawlj.com
2255 Calle Clara
La Jolla, CA 92037
Telephone: (858)551-1223
Facsimile: (858) 551-1232

Attorneys for Plaintiff JENIFER WILLIAMS

**MORGAN, LEWIS & BOCKIUS LLP**
John S. Battenfeld, (State Bar #119513)
email: jbattenfeld@morganlewis.com
Alexander M. Chemers, (State Bar #263726)
email: achemers@morganlewis.com
300 South Grand Avenue, Twenty-Second Floor
Los Angeles, CA 90071-3132
Telephone: (213) 612.2500
Facsimile: (213) 612.2501

Attorneys for Defendant LOCKHEED MARTIN CORPORATION

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENIFER WILLIAMS, an individual, on behalf of herself, and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>LOCKHEED MARTIN CORPORATION, a Maryland Corporation, and Does 1 to 10,<br><br>Defendants. | Case No. **09cv01669-WQH-MDD**<br><br>**JOINT MOTION FOR APPROVAL OF PENALTIES SOUGHT IN PROPOSED SETTLEMENT OF PLAINTIFF JENIFER WILLIAMS'S CLAIM UNDER THE CALIFORNIA PRIVATE ATTORNEYS GENERAL ACT**<br><br>Judge:       William Q. Hayes<br>Courtroom: 4<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** |

## I. INTRODUCTION

Plaintiff Jenifer Williams ("Plaintiff") and Defendant Lockheed Martin Corporation ("Defendant") jointly seek this Court's approval of the penalties sought as part of the parties' proposed settlement of Plaintiff's claim under the California Private Attorneys General Act ("PAGA"), Labor Code § 2699 *et seq.*

## II. RELEVANT PROCEDURAL BACKGROUND

On July 31, 2009, Plaintiff filed the instant action. The Complaint alleged that Plaintiff and other individuals holding the Network Data Communications Analyst, Network Data Communications Analyst Senior, and Systems Administrator job codes in California had been improperly classified as exempt and unlawfully denied overtime pay. Plaintiff also included claims for failure to provide meal and rest breaks, failure to provide accurate itemized wage statements, and for unfair competition in violation of California Business & Professions Code § 17200 *et seq*.

On November 19, 2009, Plaintiff filed a Second Amended Complaint which added a cause of action under PAGA, based on the alleged Labor Code violations described in the Complaint. Plaintiff asserted her PAGA cause of action in a private attorney general capacity on behalf of other individuals holding the above-referenced job codes during the relevant limitations period.[1]

On October 29, 2010, Plaintiff filed a motion for class certification seeking certification of her claims for failure to pay overtime, failure to provide meal and rest breaks, failure to provide accurate itemized wage statements, and unfair competition. Plaintiff did not attempt to certify her representative PAGA claim, based on authority that a PAGA claim does not need to meet class certification standards.

---

[1] On August 21, 2009, as required by Labor Code § 2699 *et seq.*, Plaintiff provided the California Labor and Workforce Development Agency ("LWDA") with written notice of her intent to assert a claim under PAGA and the basis for that claim. Plaintiff subsequently received notice from the LWDA that she was authorized to proceed with her claim under PAGA.

1. On June 1, 2011, this Court denied Plaintiff's motion for class certification, concluding that class treatment was not appropriate "because common questions of law or facts do not predominate over questions affecting the individual members of the proposed class." Dkt No. 92.

### III. THE PARTIES HAVE SETTLED PLAINTIFF'S PAGA CLAIM

With the denial of Plaintiff's motion for class certification, the only remaining claims are Plaintiff's individual claims and the representative PAGA claim. The parties have agreed to settle those claims in their entirety. In particular, the parties have agreed to settle Plaintiff's representative PAGA claim for $25,000.00 in civil penalties (the "PAGA Payment"),[2] 75% of which will be paid to the LWDA, and 25% of which will be distributed equally to Plaintiff and approximately 60 "PAGA Settlement Employees."[3] (Declaration of Norman Blumenthal, at ¶ 7.) The settlement is intended to fully and finally resolve the PAGA claim asserted by Plaintiff as to Plaintiff and the PAGA Settlement Employees.[4]

No later than fourteen days after the Court approves the PAGA Payment,

---

[2] Labor Code § 2699(i) provides in relevant part, "civil penalties recovered by aggrieved employees shall be distributed as follows: 75 percent to the Labor and Workforce Development Agency for enforcement of labor laws and education of employers and employees about their rights and responsibilities under this code, to be continuously appropriated to supplement and not supplant the funding to the agency for those purposes; and 25 percent to the aggrieved employees."

[3] The "PAGA Settlement Employees" consist of the individuals who submitted declarations in support of Plaintiff's motion for class certification, as well as any other individuals (excluding Plaintiff) who held the Network Data Communications Analyst, Network Data Communications Analyst Senior, and/or Systems Administrator job codes in California since November 19, 2008, excluding individuals who worked on a federal enclave and/or who entered into a prior release of claims with Lockheed Martin for consideration that covered the PAGA claims at issue in the Second Amended Complaint. (Declaration of Norman Blumenthal, at ¶ 7.)

[4] Through the confidential settlement, the parties have also agreed that Lockheed Martin will offer an additional payment to the PAGA Settlement Employees who sign individual releases of the non-PAGA claims that were or could have been asserted on their behalf in the instant action. In addition, the parties have agreed to fully and finally resolve Plaintiff's individual claims, as well as her attorneys' fees and costs for a negotiated amount representing less than half of the fees and costs incurred by her attorneys in this matter. (Declaration of Norman Blumenthal, ¶ 8.)

1  Plaintiff will file a Joint Stipulation of Dismissal pursuant to Federal Rule of Civil
2  Procedure 41(a)(1)(A)(ii) dismissing all claims asserted against Lockheed Martin.

**IV.   THE PARTIES REQUEST APPROVAL OF THE SETTLEMENT OF THE PAGA CLAIM**

Labor Code § 2699(l) requires that the Court "review and approve any [PAGA] penalties sought as part of a proposed settlement agreement." Consequently, the parties respectfully ask the Court to approve the $25,000 PAGA Payment to be paid as part of the proposed settlement.

### A.   The PAGA Payment Is Fair and Reasonable

The parties believe that the $25,000 PAGA Payment is fair and reasonable and therefore should be approved.

In order to recover any PAGA penalties, Plaintiff would be required at trial to prove each of the underlying Labor Code violations. *See Cardenas v. McLane Foodservice, Inc.,* 2011 U.S. Dist. LEXIS 13126, *10 (C.D. Cal. Jan. 31, 2011) ("Given the statutory language [of PAGA], a plaintiff cannot recover on behalf of individuals whom the plaintiff has not proven suffered a violation of the Labor Code by the defendant."). Here, Plaintiff would need to prove as to each Network Data Communications Analyst, Network Data Communications Analyst Senior, and Systems Administrator that he or she was misclassified as exempt. Plaintiff would additionally need to prove as to each that Lockheed Martin did not provide him or her meal breaks or accurate wage statements, among other penalties at issue that would require proof of a Labor Code violation.

Lockheed Martin maintains that Plaintiff and the PAGA Settlement Employees were properly classified as exempt, and that it did not violate the Labor Code as to any of them. As set forth in Lockheed Martin's Opposition to Plaintiff's Motion for Class Certification, the employees at issue could have qualified for one or more of three possible exemptions. Lockheed Martin also presented evidence that various PAGA Settlement Employees were provided a reasonable opportunity

to take, and in fact took, available meal periods.

Given Defendant's potential defenses to the claimed Labor Code violations at issue, and the risks and costs of continued litigation, Plaintiff and her attorneys believe that the $25,000 PAGA Payment is fair, reasonable, and in the best interest of the PAGA Settlement Employees. (Declaration of Norman Blumenthal, at ¶ 9) The PAGA Payment, along with the other terms of the proposed settlement, were negotiated by experienced counsel at arm's length before a private mediator, as well as prior negotiations before Magistrate Judge Dembin. (*Id.*)

In this regard, the amount of the PAGA Payment exceeds amounts that have been approved by district courts in other cases. For instance, in *Franco v. Ruiz Food Products, Inc.*, 2012 WL 5941801 (E.D. Cal. Nov. 27, 2012), the court approved a total PAGA penalty amount of $10,000, with the $2,500 employee portion divided between as many as 2,055 current and former employees. In *Schiller v. David's Bridal, Inc.*, 2012 WL 217001 (E.D. Cal. June 11, 2012), the court also approved a PAGA penalty amount of $10,000, with the $2,500 employee portion divided between as many as 3,326 individuals. Here, the parties have agreed to a PAGA Payment of $25,000, with the $7,500 employee portion to be divided between approximately 60 current and former employees.

**B.    The Remaining Settlement Terms Do Not Require Court Approval**

Although PAGA requires that a court approve the penalties that are sought as part of a proposed settlement, Labor Code § 2699(1) does not require that a court approve any other elements of the proposed settlement, including attorneys' fees and costs. Similarly, because this Court previously denied Plaintiff's Motion for Class Certification, the settlement approval provisions of Federal Rule of Civil Procedure 23(e) do not apply. Accordingly, the Court only needs to approve the penalties sought in the PAGA Payment.

/ / / /

/ / / /

## V. CONCLUSION

Based on the foregoing, the parties respectfully request that based on its review, this Court approve the PAGA Payment sought as part of the proposed settlement.

Dated: February 14, 2013     BLUMENTHAL, NORDREHAUG & BHOWMIK

By: */s/ Norman B. Blumenthal*
Norman B. Blumenthal
Attorneys for Plaintiff

Dated: February 14, 2013     MORGAN, LEWIS & BOCKIUS LLP

By: */s/ Alexander M. Chemers*
Alexander M. Chemers
Attorneys for Defendant

# **SIGNATURE CERTIFICATION**

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures Manual, I hereby certify that the content of this document is acceptable to Alexander M. Chemers, counsel for Defendant LOCKHEED MARTIN CORPORATION, and that I have obtained Mr. Chemers's authorization to affix his electronic signature to this document.

Dated:     February 14, 2013          BLUMENTHAL, NORDREHAUG & BHOWMIK

By: */s/ Norman B. Blumenthal*
      Norman B. Blumenthal
      Attorneys for Plaintiff